UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK IMPERATORE AND DAUN IMPERATORE,        :
                                            :
                    Plaintiffs,             :        Case No. 04-CV-08921
                                            :        (SWK)
            v.                              :
                                            :        **ANSWER AND AFFIRMATIVE**
LEONARD Y. LEE, M.D., RICHARD CARTLEDGE,    :        **DEFENSES OF DEFENDANT**
M.D., ADVANCED CANNULA, INC., WEILL         :        **THE NEW YORK AND**
MEDICAL COLLEGE OF CORNELL UNIVERSITY,      :        **PRESBYTERIAN HOSPITAL**
NEW YORK-PRESBYTERIAN HOSPITAL,             :
                                            :
                    Defendants.             :
-----------------------------------------------------------------X

    Defendant The New York and Presbyterian Hospital ("Hospital"), by its

attorneys Sills Cummis Epstein & Gross P.C., as and for its Answer and Affirmative

Defenses to the Complaint of plaintiffs Mark and Daun Imperatore ("Complaint"),

answer and aver as follows:

    1.    Denies knowledge and information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

    2.    Denies knowledge and information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

    3.    Denies knowledge and information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 3 of the Complaint; except

admits, upon information and belief, that defendant Dr. Lee was at all times relevant to

the allegations of the Complaint licensed to practice medicine.

    4.    Denies knowledge and information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 4 of the Complaint; except

admits, upon information and belief, that defendant Dr. Cartledge was at all times relevant to the allegations of the Complaint licensed to practice medicine.

5.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.    Admits the allegations contained in paragraph 7 of the Complaint, except avers that the Hospital's principal place of business is located at 525 East 68th Street, New York, N.Y. 10021.

8.    Paragraph 8 states a legal conclusion to which no responsive pleading is required, but if any response is required, denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and further answering, respectfully refers all questions of law to the Court.

9.    Paragraph 9 states a legal conclusion to which no responsive pleading is required, but if any response is required, denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, and further answering, respectfully refers all questions of law to the Court.

10.    Paragraph 10 states a legal conclusion to which no responsive pleading is required, but if any response is required, denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in

paragraph 10 of the Complaint, and further answering, respectfully refers all questions of law to the Court.

11.    Admits that Hospital records show that, in or about November, 2001, Plaintiff Mark Imperatore developed signs and symptoms of congestive heart failure, and denies the remainder of the allegations contained in paragraph 11 of the Complaint, and further answering, respectfully refers to plaintiff's medical records in response to allegations concerning his medical condition.

12.    Admits that Hospital records show that Plaintiff Mark Imperatore, presented with an ascending aortic aneurysm in excess of 10 centimeters, and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12 of the Complaint; and further answering, respectfully refers to plaintiff's medical records in response to allegations concerning his medical condition.

13.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, except admits that plaintiff Mark Imperatore successfully underwent cardiac surgery, on or about November  27, 2001, and that Dr. Leonard Girardi was the attending surgeon.

14.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, except admits that Dr. Girardi has an excellent reputation as a heart surgeon, and that the Hospital and its medical staff have a wide reputation for excellence in heart surgery.

15.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, except admits that plaintiff Mark Imperatore had a serious heart condition; and further answering, respectfully refers to plaintiff's medical records in response to allegations concerning his medical condition.

16.     Admits, upon information and belief, that plaintiff Mark Imperatore successfully underwent cardiac surgery at the Hospital, on or about November 27, 2001.

17.     Denies the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, except admits that Dr. Girardi, his surgical team, and the Hospital helped to save plaintiff Mark Imperatore's life.

19.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint

27.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint, except admits that plaintiff Mark Imperatore received excellent treatment from the Hospital and its staff.

28.     Denies the allegations contained in paragraph 28 of the complaint, except admits that plaintiff Mark Imperatore had in a private room at the Hospital.

29.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint; except admits that plaintiff Mark Imperatore received excellent treatment from the Hospital and its staff.

30.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32.     Denies that Dr. Girardi was unavailable on the weekend of Plaintiff Mark Imperatore's hospitalization following his surgery; denies that Dr. Cartledge ordered a blood transfusion; admits that the care provided by the Hospital helped to reverse plaintiff Mark Imperatore's declining health; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 32 of the Complaint; and further answering, respectfully refers to plaintiff's medical record in response to allegations concerning his medical treatment.

33.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     Admits that plaintiff Mark Imperatore was discharged from the Hospital on or about December 5, 2001.

37.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint, except admits that plaintiff Mark Imperatore received excellent post-operative care.

41.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint.

47.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint.

49.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint.

50.    Denies the allegations contained in paragraph 50 of the Complaint.

51.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint.

52.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint.

53.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint, except denies that Dr. Cartledge prescribed pain killers to plaintiff Mark Imperatore within the scope of any alleged employment by the Hospital.

54.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint.

55.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

57.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint.

58.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

59.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint.

60.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint.

62.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint.

63.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint.

64.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint.

66.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint, except admits that Dr. Cartledge concluded his graduate staff appointment at the Hospital on June 30, 2002.

67.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint.

68.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint.

69.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint.

70.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint.

71.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint.

72.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint.

73.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Complaint.

74.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint.

75.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint.

76.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint.

77.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint.

78.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Complaint.

79.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Complaint.

81.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of the Complaint.

82.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Complaint.

83.     The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 83 of the Complaint, as if fully set forth herein.

84.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint.

85.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint.

86.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint.

87.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint insofar as they may allege actions undertaken by defendant Dr. Cartledge within the scope of any alleged employment by the Hospital, and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 89 of the Complaint.

90.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint.

91.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 91 of the Complaint.

92.     The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 91 of the Complaint, as if fully set forth herein.

93.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint.

94.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Complaint.

95.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint.

96.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the Complaint.

97.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint.

98.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Complaint.

99.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Complaint.

100.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 100 of the Complaint.

101.    The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 100 of the Complaint, as if fully set forth herein.

102.    Paragraph 102 of the Complaint pleads a legal conclusion to which no responsive pleading is required, but if any response is required, denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Complaint, and further answering, respectfully refers all issues of law to the Court.

103.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint.

104.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Complaint.

105.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Complaint.

106.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the Complaint.

107.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Complaint.

108.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the Complaint.

109.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 109 of the Complaint.

110.   The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 109 of the Complaint, as if fully set forth herein.

111.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint.

112.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Complaint.

113.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint.

114.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 of the Complaint.

115.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Complaint.

116.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Complaint.

117.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the Complaint.

118.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 118 of the Complaint.

119.   The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 118 of the Complaint, as if fully set forth herein.

120.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Complaint.

121.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Complaint.

122.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Complaint.

123.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Complaint.

124.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Complaint.

125.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 125 of the Complaint.

126.     The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 125 of the Complaint, as if fully set forth herein.

127.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Complaint.

128.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Complaint.

129.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Complaint.

130.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the Complaint.

131.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 131 of the Complaint.

132.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Complaint.

133.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133 of the Complaint.

134.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 134 of the Complaint.

135.   The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 135 of the Complaint, as if fully set forth herein.

136.   Denies the allegations contained in paragraph 136 of the Complaint insofar as they may allege actions undertaken by defendant Dr. Cartledge within the scope of any alleged employment by the Hospital; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 136 of the Complaint.

137.   Denies the allegations contained in paragraph 137 of the Complaint insofar as they may allege actions undertaken by defendant Dr. Cartledge within the scope of any alleged employment by the Hospital; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 137 of the Complaint.

138.   Denies the allegations contained in paragraph 138 of the Complaint insofar as they may allege actions undertaken by defendant Dr. Cartledge within the scope of any alleged employment by the Hospital; and denies knowledge and

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 138 of the Complaint.

139.   Denies the allegations contained in paragraph 139 of the Complaint insofar as they may allege actions undertaken by defendant Dr. Cartledge within the scope of any alleged employment by the Hospital; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 139 of the Complaint.

140.   Denies the allegations contained in paragraph 140 of the Complaint insofar as they may allege actions undertaken by defendant Dr. Cartledge within the scope of any alleged employment by the Hospital; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 140 of the Complaint.

141.   Denies the allegations contained in paragraph 141 of the Complaint insofar as they may allege actions undertaken by defendant Dr. Cartledge within the scope of any alleged employment by the Hospital; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 141 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 141 of the Complaint.

18

142.   The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 141 of the Complaint, as if fully set forth herein.

143.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143 of the Complaint.

144.   Denies the allegations contained in paragraph 144 of the Complaint insofar as they may allege actions undertaken by defendant Dr. Cartledge within the scope of any alleged employment by the Hospital; and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 144 of the Complaint.

145.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 145 of the Complaint.

146.   Paragraph 146 of the Complaint pleads a legal conclusion to which no responsive pleading is required, but if any response is required, denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146 of the Complaint, and further answering, respectfully refers all issues of law to the Court.

147.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147 of the Complaint.

148.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the Complaint.

149.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 149 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 149 of the Complaint.

150.   The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 149 of the Complaint, as if fully set forth herein.

151.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 151 of the Complaint.

152.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 152 of the Complaint.

153.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Complaint.

154.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 154 of the Complaint.

155.   Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 155 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 155 of the Complaint.

156.    The Hospital repeats and reavers its answers to each of the allegations contained in paragraphs 1 through 155 of the Complaint, as if fully set forth herein.

157.    Paragraph 157 of the Complaint pleads a legal conclusion to which no responsive pleading is required, but if any response is required, denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Complaint, and further answering, respectfully refers all issues of law to the Court.

158.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the Complaint and further answering, avers that paragraph 158 of the Complaint pleads a legal conclusion to which no responsive pleading is required, and respectfully refers all issues of law to the Court.

159.    Denies the allegations contained in paragraph 159 of the Complaint.

160.    Denies the allegations contained in paragraph 160 of the Complaint, except admits that defendant Dr. Cartledge had a graduate staff appointment which concluded on June 30, 2002.

161.    Denies that defendant Dr. Cartledge over-prescribed prescription pain killers to plaintiff Mark Imperatore within the scope of any alleged employment at the Hospital; and further answering, admits that the Hospital records do not show any wrongdoing by Dr. Cartledge in treating plaintiff Mark Imperatore.

162.   Denies that defendants Drs. Cartledge and Lee misused their positions as treating doctors within the scope of any alleged employment by the Hospital; and further answering, admits that the Hospital records do not show any wrongdoing by Drs. Cartledge or Lee in treating plaintiff Mark Imperatore.

163.   Denies that defendants Drs. Cartledge and Lee pressured plaintiffs to make an investment in a business by fraud within the scope of any alleged employment by the Hospital; and denies the remaining allegations contained in paragraph 163 of the Complaint.

164.   Denies that Drs. Cartledge or Lee used plaintiff Mark Imperatore's identification as a patient as a target for fraudulent investment schemes within the scope of any alleged employment by the Hospital; and denies the remaining allegations contained in paragraph 164 of the Complaint.

165.   Denies the allegations contained in paragraph 165 of the Complaint; and further answering, denies that plaintiffs are entitled to judgment against the Hospital or any of the relief demanded from the Hospital or any of the relief demanded from the Hospital in the paragraph labeled "Wherefore" following paragraph 165 of the Complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

166.   Plaintiffs fail to state a claim upon which relief can be granted against defendant Hospital.

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

167.   Defendant Dr. Cartledge had no record or history demonstrating a propensity to commit the acts alleged by plaintiffs.

168.   Defendant Dr. Lee had no record or history demonstrating a propensity to commit the acts alleged by plaintiffs.

169.   The acts alleged by plaintiffs, if engaged in by defendants Drs. Lee or Cartledge, were not reasonably foreseeable by the Hospital.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

170.   Defendant Dr. Lee was not employed by the Hospital.

171.   Defendant Dr. Cartledge's graduate staff appointment at the Hospital concluded on June 30, 2002.

172.   Defendants Dr. Cartledge and Dr. Lee were not acting within the scope of employment by the Hospital in the procurement of the alleged fraud, investment, or the other tortious and/or unlawful acts or omissions alleged in the Complaint (the "alleged acts").

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

173.   The alleged acts, if engaged in, were undertaken by defendants Drs. Lee and Cartledge, and Advanced Cannula, Inc. in their respective personal or corporate capacities, for personal or corporate motives.

174.   The alleged acts, if engaged in, were not authorized or ratified by the Hospital.

175.    The Hospital owed no duty to protect plaintiffs from acts alleged to have been undertaken by third parties acting in their individual or corporate capacities, for personal motives, without the Hospital's authorization or ratification.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

176.    If the plaintiffs sustained injuries or damages as alleged, they were not proximately caused by any acts or omissions of Hospital.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

177.    If the plaintiffs sustained injuries or damages as alleged, there was an intervening, superceding cause or causes leading to these alleged injuries; and therefore, any act or omission on the part of the Hospital was not the proximate cause of the alleged injuries and damages.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

178.    Plaintiffs contributed substantially to the alleged negligence of the Hospital, if any, and are liable in whole or in part for the causation of their alleged injuries; therefore, any recovery is barred.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

179.    Plaintiffs recovery, if any, should be reduced by the relative amount of contributory or comparative fault attributable to the Plaintiffs, the Plaintiffs' agents, or persons or entities other than the Hospital.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE

180.   Plaintiffs have suffered no economic loss, damages or harm.

### AS AND FOR A TENTH
### AFFIRMATIVE DEFENSE

181.   Plaintiffs have failed to mitigate their alleged damages.

### AS AND FOR AN ELEVENTH
### AFFIRMATIVE DEFENSE

182.   Plaintiffs possess substantial financial means, assets and investments, and are knowledgeable investors with access to professional financial and legal advice.

183.   In the Subscription Agreement attached as Exhibit B to the Complaint, Plaintiffs acknowledged: that they are "accredited investors," who received "adequate information" as necessary to independently "evaluate the risks and merits" of the investment; that they had the "opportunity to question" all relevant matters to the extent they deemed necessary; that they relied on no oral written representations other than as contained in the Subscription Agreement; that they possessed "knowledge and experience in financial, tax and business matters" and had "substantial experience in evaluating and investing in common stock and other securities ... including new and speculative companies"; that they were not relying on the issuer's opinion, and had made an "independent decision" to acquire the shares, with full recognition of all "risk factors" involved.

184.   Plaintiffs had the opportunity to consult with, and upon information and belief, did consult with professional investment advisors and/or legal counsel before making any investment.

185.   Upon information and belief, plaintiffs, through their legal counsel, engaged in substantial negotiation concerning the terms of investment, prior to investing.

186.   Plaintiffs made an informed election to make an economic investment, and thereby assumed all risk, barring their action against the Hospital.

### AS AND FOR A TWELTH
### AFFIRMATIVE DEFENSE

187.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

### AS AND FOR A THIRTEENTH
### AFFIRMATIVE DEFENSE

188.   Plaintiffs' claims are barred, in whole or in part, by the applicable statute or statutes of limitation.

### AS AND FOR A FOURTEENTH
### AFFIRMATIVE DEFENSE

189.   The injuries, losses or damages alleged by Plaintiffs, if any, are the results of acts or omissions of third parties from whom recovery may be had, in whole or in part, by allocation, contribution or apportionment.

## AS AND FOR A FIFTEENTH
## <u>AFFIRMATIVE DEFENSE</u>

190.    Attorneys fees and costs are not available to plaintiffs in their

action against the Hospital.

## AS AND FOR A SIXTEENTH
## <u>AFFIRMATIVE DEFENSE</u>

191.    The Hospital incorporates by reference and makes a part hereof all

other applicable Affirmative Defenses set forth in the Answers of any other defendant,

and will rely on  all defenses which become available during discovery or trial.

WHEREFORE, Defendant the New York and Presbyterian Hospital

demands judgment dismissing the Complaint, together with recovery of its costs and

attorneys' fees in defending this action, and such other relief as the Court may deem

just and proper.

Dated:    New York, New York
          March 25, 2005
          24

SILLS CUMMIS EPSTEIN & GROSS P.C.

James S. Frank (JSF 5389)
David E. Prager (DEP 4009)

30 Rockefeller Plaza
New York, New York 10112
212-643-7000
Attorneys for defendant
The New York and Presbyterian Hospital

## CERTIFICATE OF SERVICE

On March 2̶5̶ 24, 2005, the undersigned, an attorney duly licensed to practice before this Court, certifies that he caused a true copy of the attached ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT THE NEW YORK AND PRESBYTERIAN HOSPITAL to be served by regular mail. I did so by sealing true copies of said document into postage-paid, properly addressed wrappers for deposit in the exclusive care and custody of the United States Post Office, addressed to:

Thomas R. Hower, Esq.
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, New Jersey 08658-2311
*Attorney for Plaintiffs Mark & Daun Imperatore*

James R. Kahn, Esq.
Deputy University Counsel
Office of Legal Counsel of Cornell University
445 East 69th Street
Olin Hall, Room 432
New York, New York 10021
*Attorney for Weill Medical College of Cornell University*

Deborah A. Shapiro, Esq.
Brune & Richard LLP
80 Broad Street, 30th Floor
New York, New York 10004
*Attorney for Defendant Dr. Leonard Y. Lee and Defendant Advanced Cannula, Inc.*

Mitchell Cantor, Esq.
The Law Office of Mitchell Cantor
470 Park Avenue South, 12th Floor
New York, New York 10016
*Attorney for Defendant Dr. Richard Cartledge*

David E. Prager (DEP 4009)